NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
GERARD P. SCHMIDT,                  :
                                    :
    Plaintiff,                      :    Civil Action No. 16-1924 (SRC)
                                    :
v.                                  :    **OPINION**
                                    :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
    Defendant.                      :
_____ :

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Gerard P. Schmidt ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning May 28, 2003. A hearing was held before ALJ Leonard Olarsch (the "ALJ") on July 9, 2014, and the ALJ issued an unfavorable decision on August 21, 2014, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of August 21, 2014, the ALJ made the following findings. The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found

that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

The issue before the ALJ was whether Plaintiff was disabled during the period which began on May 28, 2003 and ended on his date last insured, June 30, 2004. Thus, on review, the question is whether substantial evidence supports the Commissioner's decision that Plaintiff was not disabled during that thirteen-month period. This is a case in which the exact dates matter.

Plaintiff contends that the decision should be reversed on two principal grounds: 1) the residual functional capacity determination is not supported by substantial evidence; and 2) the hypothetical presented to the medical expert was deficient.

As the Commissioner contends, Plaintiff has submitted a brief which overlooks the matter of dates. In short, Plaintiff points to a number of pieces of evidence that, he contends, the Commissioner erroneously ignored. The problem is that Plaintiff treats all evidence as equally relevant without regard to dates, and so Plaintiff has submitted a brief that fails to recognize that the period under review is a short one, and that the relevance of medical evidence from 5 years later cannot be assumed; it must be shown. It is not persuasive to cite medical opinion from 2009 without some explanation of how the 2009 evidence has relevance to the thirteen-month period from 2003 to 2004. As the Plaintiff recognizes, Plaintiff bears the burden of proof of

disability at the first four steps of the evaluation process. It is not the job of this Court to sift through the medical record to determine which evidence speaks to the thirteen-month period. That is Plaintiff's counsel's job, and Plaintiff's brief puts all the medical evidence into one heap without any sorting or consideration of the issue of dates.

Thus, on review, this Court focuses on two principal questions: 1) is the residual functional capacity determination for the 2003-2004 period supported by substantial evidence; and 2) did the hypothetical at step five include all of the credibly established limitations found in the residual functional capacity determination?

The Commissioner, on the other hand, has sorted the medical evidence by date. The Commissioner states that the only treatment Plaintiff received during the relevant period was for the repair of the left quadricep tendon, and that the medical evidence showed a good recovery by February of 2004. The Commissioner argues that there is no evidence from that time period to support any finding of disability.

In reply, Plaintiff points to Somerset Medical Center records from February of 2004 that show that Plaintiff had weakness causing difficulty climbing stairs and squatting. The Court queries: how is this inconsistent with the residual functional capacity determination that Plaintiff retained the capacity for sedentary work? Plaintiff has pointed to no evidence of record that conflicts with the residual functional capacity determination.

Moreover, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). At step four, the Commissioner does not bear the burden of proof that Plaintiff can work; to the contrary, pursuant

to Bowen, at step four, Plaintiff bears the burden of proof that he does not retain the residual functional capacity to work.

Plaintiff argues that the ALJ failed to follow instructions contained in an opinion in a prior appeal before this Court. This is not a cognizable argument. Plaintiff has not argued or established that this Court has the authority to review the ALJ's compliance with previous Court orders. This Court's review of this case is limited to the review of the Commissioner's decision authorized by 42 U.S.C. § 405(g).

Plaintiff next argues that the ALJ failed to comply with SSR 96-8p in that the residual functional capacity determination is conclusory. This is incorrect. The ALJ's decision states: "[t]he evaluation of the medical evidence of the prior Administrative Law Judge's decision uncontradicted by the District Court is incorporated herein." (Tr. 381.) In the ALJ's prior decision, dated March 15, 2011, the discussion of the medical evidence was brief, but not absent, because there were only two sets of medical records from the time period at issue, and the ALJ discussed them both in that decision. (Tr. 29.) In the subsequent decision, the ALJ reviewed the same medical evidence and arrived at the same conclusions. (Tr. 382.) Plaintiff has not pointed to any medical evidence from this time period that the ALJ overlooked.

Plaintiff next argues that, at step five, the ALJ gave the vocational expert a hypothetical that did not include all of Plaintiff's limitations. Third Circuit law on this point is clear:

> We do not require an ALJ to submit to the vocational expert every impairment alleged by a claimant. Instead the directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." . . . Fairly understood, such references to all impairments encompass only those that are medically established. . . And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

4

Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). "Credibly established limitations" refers to limitations established in the step four residual functional capacity determination. Plaintiff argues that the hypothetical did not include any mental impairments. In opposition, the Commissioner points out that such limitations were not accepted as credibly established during the residual functional capacity determination. All of the medical evidence regarding Plaintiff's mental impairments comes from 2008 and later. Plaintiff has not pointed to any evidence of record that Plaintiff had any mental impairments during the 2003-2004 period. Because the residual functional capacity determination did not contain any credibly established mental limitations, the ALJ correctly included no such limitations in the hypothetical presented to the vocational expert. The ALJ did not err at step five.

This Court has reviewed the ALJ's decision and finds that the ALJ's decision is supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred in his decision or that he was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: November 1, 2017